September 18, 2020

**Via ECF**

Hon. Ronnie Abrams
U.S. District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:    *N.Y. Civil Liberties Union v. Office of Refugee Resettlement, et al.*
       **20 Civ. 5573**

Dear Judge Abrams:

Pursuant to the Court's order dated July 24, 2020 (ECF No. 4), the parties submit this joint letter on behalf of the parties to this action.

1.  **A brief description of the materials sought, the basis thereof, and the status of any productions already made;**

Plaintiff New York Civil Liberties Union ("NYCLU") brings this action under the Freedom of Information Act ("FOIA") to compel Defendants to release records concerning the Office of Refugee Resettlement's ("ORR") policy change ("Guidance") issued on or about February 25, 2020, regarding the terms under which children in ORR custody are permitted to meet with their attorneys. Plaintiff seeks records including the Guidance; records relied upon in the decision to adopt the Guidance; any subsequent modifications or addenda to the Guidance; records sent by ORR to certain entities or by those entities to ORR concerning the Guidance; and, for the period January 1, 2019 to the date the Guidance was issued, any and all ORR guidance or policies in effect concerning the conditions under which attorneys may have legal meetings with children in ORR custody.

The NYCLU filed the underlying FOIA request in this matter with Defendant Administration for Children and Families ("ACF") on May 5, 2020, seeking the above records and applying for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 45 C.F.R. § 5.27. The NYCLU also sought a fee waiver pursuant to both 5 U.S.C. § 552(a)(4)(A)(iii) and § 552(a)(4)(A)(ii)(II). Having not received a substantive response to that request, the NYCLU submitted an appeal letter to ACF on June 12, 2020. To date, Defendants have produced no records and have not provided a substantive response to the request or appeal.

2.  **A brief description of any claimed exemptions from production;**

As described below, Defendants represent that they have completed their search and are in the process of reviewing potentially responsive records. At this stage, Defendants represent that they are not in a position to know which exemptions, if any, they will claim, but will soon.

1

Plaintiff requests that, by the time of the production described below, Defendants describe any exemptions they intend to assert, and specify the exemption or exemptions they assert with respect to each withheld or redacted record or portion thereof.

3. **Proposed schedules for gathering, processing, and producing documents, as well as for filing any related briefing; and**

The parties conferred telephonically on September 15, 2020, and subsequently over email in preparation of this letter.

Defendants report that they have conducted a search for potentially responsive records, which located 25 pages. Defendants expect to process these records and release all non-exempt portions of them to Plaintiff by the week of September 28, 2020.

In order to assess the sufficiency of Defendants' search, Plaintiff requests that, also by the week of September 28, 2020, Defendants describe the search conducted, including whether that search was limited to email boxes, the email boxes searched and their custodians, and the search terms used.

The parties jointly propose that they submit a joint status letter by October 9, 2020, in which they update the Court on their positions and propose next steps in this case.

4. **Any other information that the parties believe may assist the Court.**

Plaintiff does not currently anticipate propounding discovery but notes that discovery in FOIA litigation is appropriate under certain circumstances and, accordingly, reserves the right to seek discovery. *See, e.g.*, *Carney v. U.S. Dep't Justice*, 19 F.3d 807, 812–13 (2d Cir. 1994) (discovery appropriate where party has provided "some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate"); *The Few, the Proud, the Forgotten v. U.S. Dep't Veterans Affairs*, 254 F. Supp. 3d 341, 365 (D. Conn. 2017) (granting limited discovery on adequacy of defendants' searches for responsive information); *Landmark Legal Found. v. Envtl. Prot. Agency*, 959 F. Supp. 2d 175, 177 (D.D.C. 2013) (same).

<div style="margin-left:55%">

Respectfully Submitted,

*/s/ Jordan Laris Cohen*
Jordan Laris Cohen
Antony P.F. Gemmell
Christopher T. Dunn
NEW YORK CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 19th Floor
New York, New York 10004
212-607-3300
jlariscohen@nyclu.org

</div>

2

3

AUDREY STRAUSS
Acting United States Attorney

By:    /s/ *Jennifer Jude*
JENNIFER JUDE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2663
Fax: (212) 637-2686
Email: jennifer.jude@usdoj.gov